**James Mark HINKLEY,**
**Plaintiff–Appellant,**

v.

**Bernard WARNER; et al.,**
**Defendants–Appellees.**

**No. 14–35603.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 25, 2015.\*

Filed Sept. 4, 2015.

James Mark Hinkley, Monroe, WA, pro se.

Before: McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM \*\*

Washington state prisoner James Mark Hinkley appeals pro se from the district court's judgment in his 42 U.S.C. § 1983 action alleging Fourth and Eighth Amendment claims arising out of a random urinalysis drug test. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamilton v. Brown,* 630 F.3d 889, 892 (9th Cir.2011) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Hinkley's Fourth Amendment claim because Hinkley failed to allege facts sufficient to show that his random urinalysis drug test was unreasonable. *See Thompson v. Souza,* 111 F.3d 694, 702–03 (9th Cir.1997) (setting forth factors to determine whether a search is reasonable under the Fourth Amendment and holding that a prisoner's non-random urinalysis drug test was a reasonable search). Moreover, the district court properly dismissed Hinkley's challenge to the urinalysis policy because it concluded the policy was reasonably related to a legitimate penological interest.

The district court properly dismissed Hinkley's Eighth Amendment claim because Hinkley failed to allege facts sufficient to show that defendants knew of and disregarded a substantial risk of physical or mental harm to Hinkley when he was selected for a random urinalysis drug test. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety[.]"); *see also Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir.2011) (explaining that a supervisor is liable under § 1983 only if he is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional vi-

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

olation" (citation and internal quotation marks omitted)); *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir.2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

We reject Hinkley's contention that the district court failed to permit discovery.

Hinkley's contempt motion, cross-noticed in Appeal Nos. 14–35602 and 1435603 and filed on January 2, 2015, is denied.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.